# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| UMERA USMAN, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CAUSE NO.: 2:15-CV-169-PRC |
| | ) |
| KIRSTJEN M. NIELSEN, Secretary | ) |
| Department of Homeland Security, et al., | ) |
|     Defendants. | ) |

## OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss the Amended Complaint and Brief in Support [DE 45], filed by Defendants on April 21, 2018. On May 4, 2018, Plaintiff Umera Usman filed a Motion to Strike and for a Directed Verdict, or in the Alternative, Response in Opposition to Defendants' Motion to Dismiss Amended Complaint. Defendants filed a reply on May 11, 2018.

## PROCEDURAL AND FACTUAL BACKGROUND

On June 1, 2011, Plaintiff Umera Usma filed with the U.S. Citizenship and Immigration Services ("USCIS") Form I-130, Petition for Alien Relative, on behalf of her husband Usman Jahangir, a Pakistani foreign national. (ECF 23, ¶¶ 1, 2). Following her husband's consular interview at the U.S. Embassy in Islamabad, Pakistan, on April 6, 2012, the U.S. Department of State returned Ms. Usman's Form I-130 to the USCIS for further review. *Id.* at ¶ 3.

Having submitted numerous inquiries with USCIS on the status of the petition with no response, on April 29, 2015, Ms. Usman filed her Complaint for Writ of Mandamus with this Court. (ECF 1); (ECF 23, ¶ 3). Subsequently, USCIS issued two Notices of Intent to Revoke, which Ms. Usman alleges did not contain the requisite evidentiary support to justify revoking her petition and contained unsubstantiated, irrelevant, and/or patently false allegations regarding Ms. Usman's

marriage to Mr. Jahangir. (ECF 23, ¶ 4). Ms. Usman timely responded to both Notices, supplementing the record with documents evidencing her good faith marriage, including the birth certificate and photographs of the couple's son. *Id*. On October 28, 2015, USCIS revoked Ms. Usman's visa petition for her husband. *Id*.

On January 8, 2016, Ms. Usman filed an Amended Complaint, alleging a claim under the Administrative Procedure Act ("APA") that the visa petition revocation was an arbitrary and capricious agency action and that there was unreasonable delay in the process. (ECF 23). As relief, Ms. Usman seeks a declaratory judgment that USCIS's actions were arbitrary, capricious, and in violation of the law and seeks remand of the visa petition matter to USCIS and reinstatement of Ms. Usman's revoked petition, as well as attorney fees. *Id*.

Meanwhile, Ms. Usman's petition was certified by USCIS to the Board of Immigration Appeals ("BIA") for administrative review, and the administrative review and this judicial matter proceeded simultaneously. As a result, this Court granted numerous agreed extensions of Defendants' deadline to respond to the Amended Complaint in this case to allow the underlying administrative review process to run its course. Finally, on March 26, 2018, this Court denied Defendants' most recent request to extend their response deadline, to which Ms. Usman had objected, and ordered Defendants to respond to Ms. Usman's Amended Complaint on or before April 20, 2018. Unbeknownst to the Court at that time, on March 23, 2018, the BIA had completed its administrative review, affirming USCIS's decision revoking Ms. Usman's visa petition. (ECF 45, Ex. A). It appears that no further administrative review is pending with USCIS or BIA. (ECF 45). On April 21, 2018, Defendants filed the instant Motion to Dismiss.

**MOTION TO STRIKE**

Ms. Usman asks the Court to strike Defendants' Motion to Dismiss for being filed one day late. Defendants did not file a motion for extension of time but rather included a footnote in the Motion to Dismiss explaining that Defendants' counsel had just returned from a multi-day work trip and had to care for his sick daugter. Ms. Usman argues that, contrary to Defendants' assertion in the footnote, Ms. Usman is prejudiced by the delay because it is one more day that she is separated from her husband.

Federal Rule of Civil Procedure 6(b) requires that, "[w]hen an act . . . must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). The determination of excusable neglect is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395-96 (1993). Courts consider "the danger of prejudice to [the nonmovant], the length of the delay and its potential impact on judicial proceedings, the reasons for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Raymond v. Ameritech Corp.*, 442 F.3d 600, 606 (7th Cir. 2006) (citing *Pioneer*, 507 U.S. at 395). In addition, "context matters in determining excusable neglect, including whether the movant exhibited dilatory behavior." *Kane v. Fin. of Am. Reverse, LLC*, No. 117-CV-2266, 2018 WL 2001810, at *1 (S.D. Ind. Apr. 30, 2018) (citing *Blue v. Hartford Life & Accident Ins. Co.*, 698 F.3d 587, 593-94 (7th Cir. 2012)).

In this instance, Defendants have shown excusable neglect for responding to the Complaint one day late. The one-day delay is minimal, Defendants have not exhibited dilatory behavior

throughout this litigation or in this instance, Defendants had good reason for the minimal delay with no evidence of bad faith, and the Court has a strong preference for resolving claims on their merits, rather than by default, when appropriate. Therefore, the Court denies the Motion to Strike. Defendants are cautioned that they should have filed a separate motion for extension of time.

## ANALYSIS

Pursuant to Federal Rule of Civil Procedure 12(b)(1), Defendants move to dismiss Ms. Usman's Amended Complaint for lack of subject matter jurisdiction. Ms. Usman challenges the revocation of a Form I-130 Petition for Alien Relative, and Defendants contend that visa petition revocation is a discretionary agency determination that is not subject to judicial review. Ms. Usman responds that the merits of the underlying revocation decision justify judicial review.

Federal Rule of Civil Procedure 12(b)(1) requires a court to dismiss a cause of action when the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The "district court must accept as true all well-pleaded factual allegations, and draw reasonable inferences in favor of the plaintiff." *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995). "In all cases, the party asserting federal jurisdiction has the burden of proof to show that jurisdiction is proper." *Travelers Prop. Cas. v. Good*, 689 F.3d 714, 722 (7th Cir. 2012) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 289 U.S. 178, 198 (1936)).

The Immigration and Nationality Act ("INA") allows a United States citizen to file a petition (Form I-130) with U.S. Citizenship and Immigration Services ("USCIS") to classify the petitioner's foreign national spouse or child as an "immediate relative." 8 U.S.C. § 1154(a)(1)(A)(i); 8 C.F.R. §§ 204.1(a)(1), 204.2(a)(1). If USCIS approves a visa petition and if the alien spouse is outside the

United States, the alien spouse must apply for an immigrant visa at an appropriate United States Consluate. 8 U.S.C. § 1202(a); 22 C.F.R. § 42.61(a).

Of primary concern on the instant motion, the INA provides that USCIS is authorized to revoke an approved visa petition: "The Secretary of Homeland Security may, at any time, *for what he deems to be good and sufficient cause*, revoke the approval of any petition approved by him under section 1154 of this title. Such revocation shall be effective as of the date of approval of any such petition." 8 U.S.C. § 1155 (emphasis added). The INA further provides under the heading "Denials of discretionary relief":

> Nothwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, and except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdcition to review—
>
> (i) any judgment regarding the granting of relief under section 1182(h), 1182(i), 1229b, 1229c, or 1255 of this title, or
>
> (ii) *any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of* the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title.

8 U.S.C. § 1252(a)(2)(B) (emphasis added). The reference to "this subchapter" in § 1252(a)(2)(B)(ii) is to 8 U.S.C. §§ 1151-1381. The Seventh Circuit Court of Appeals has held that § 1252(a)(2)(B)(ii) "is not limited to discretionary decisions made within the context of removal proceedings." *Samirah v. O'Connell*, 335 F.3d 545, 548-49, 549 (7th Cir. 2003) (finding that the heading of § 1252—"Judicial review of orders of removal"—does not limit the plain meaning of § 1252(a)(2)(B)(ii) as denying judicial review of any discretionary decision "specified under this subchapter"). Under § 1252(a)(2)(B)(ii), courts may not review any USCIS "decision or action" that

5

is committed to the agency's discretion by statute. *See Kucana v. Holder*, 558 U.S. 233, 241-52 (2009).

On three occasions, the United States Court of Appeals for the Seventh Circuit has held that a reading of § 1155 and § 1252(a)(2)(B)(ii) precludes judicial review of visa petition revocation decisions, which is consistent with the holdings in the Court of Appeals for the First, Third, Fifth, Sixth, Eighth, Tenth, and Eleventh Circuits. *See Bultasa Buddhist Temple of Chi. v. Nielsen*, 878 F.3d 570, 573-74 (7th Cir. 2017); *Holy Virgin Prot. Cathedral of the Russian Orthodox Church Outside Russia v. Chertoff*, 499 F.3d 658, 662-63 (7th Cir. 2007); *El-Khader v. Monica*, 366 F.3d 562, 566-68 (7th Cir. 2004); *see also Bernardo v. Johnson*, 814 F.3d 481, 484-85 (1st Cir. 2016); *Mehanna v. USCIS*, 677 F.3d 312, 315-16 (6th Cir. 2012); *Green v. Napolitano*, 627 F.3d 1341, 1344-46 (10th Cir. 2010); *Abdelwahab v. Frazier*, 578 F.3d 817, 821 (8th Cir. 2009); *Sands v. U.S. Dep't of Homeland Sec.*, No. 08-15370, 2009 WL 163017, at *1-2 (11th Cir. Jan. 26, 2009); *Ghanem v. Upchurch*, 481 F.3d 222, 224 (5th Cir. 2007); *Jilin Pharm. USA, Inc. v. Chertoff*, 447 F.3d 196, 201-206 (3d Cir. 2006); *but see ANA Int'l, Inc. v. Way*, 383 F.3d 886, 894 (9th Cir. 2004).

In *Bultasa Buddhist Temple of Chicago*, the Seventh Circuit Court of Appeals applied § 1252(a)(2)(B)(ii) to the petition revocation provision of § 1155 and reiterated that visa revocation is discretionary by statute and, thus, statutorily barred from review. 878 F.3d at 573-74 (dismissing as statutorily barred a visa petition revocation challenge (citing *El-Khader*, 366 F.3d at 566-58; *Holy Virgin*, 499 F.3d at 662-63)). In *Bultasa*, the I-360 visa application was made pursuant to 8 U.S.C. § 1154(a)(1)(G)(i), and, like in the instant matter, the visa was revoked under § 1155. Just as Ms. Usman argues in this case, the plaintiff in *Bultasa* argued that the agency's decision should be set aside as arbitrary and capricious and an abuse of discretion under the Adminstrative Procedures Act

6

("APA"). *Id*. at 574. Yet, the court held that, regardless of the underlying merits of the revocation decision, § 1252(a)(2)(B)(ii) precludes judicial review of petition revocation decisions given the discretionary nature of petition determinations under § 1155. *Id*. The court explained, "Appellants cannot avoid the jurisdictional bar established by 8 U.S.C. § 1252 simply by raising a claim under [the APA, 5 U.S.C. § 706(2)(A)]." *Id*. The APA exempts from its review provisions agency action that is within agency discretion. 5 U.S.C. § 701(a)(2).

*Bultasa* is controlling, and Ms. Usman has offered no legal argument to distinguish this case. Regardless of whether the USCIS's decision was "arbitrary, capricious, and a violation of the law," this Court cannot review the revocation decision made under § 1155 in light of § 1252(a)(2)(B)(ii)'s prohibition against judicial review of discretionary decisions. Like the plaintiffs in *Bultasa*, Ms. Usman argues that the requirement in § 1155 of "good and sufficient cause" means that the decision is not purely discretionary. (ECF 46, pp. 11-12). However, the court in *Bultasa* rejected the argument as contrary to the court's prior holdings in *El-Khader* and *Holy Virgin* and a reading of § 1155 as a whole and declined to depart from those holdings. *Bultasa Buddhist Temple of Chi.*, 878 F.3d at 574. Likewise, Ms. Usman has not persuaded this Court that "good and sufficient cause" may be interpreted objectively by the courts or that § 1155 does not grant absolute discretion to the Secretary of the Department of Homeland Security. *See* (ECF 46, pp. 6, 11 (citing *ANA Int'l, Inc. v. Way*, 383 F.3d 886, 894 (9th Cir. 2004)); *compare Holy Virgin*, 499 F.3d at 661-62 ("[W]e are not persuaded to follow [*ANA Int'l, Inc. v. Way*]."); *El-Khader*, 366 F.3d at 567 (finding that the "discretionary nature of the decision is apparent from the plain langauge of [§ 1155]" and that "the determination of whether there exists 'good and sufficient cause' to revoke a petition approved under § 1154 (including visa petitions) necessarily is highly subjective, and there exist no strict

7

standards for making this determination."). Accordingly, the Court lacks jurisdiction to consider Plaintiff's Amended Complaint.

To the extent that Ms. Usman appears to be arguing a due process violation in her response brief, her Amended Complaint does not attempt to state a claim for a due process violation under the Fifth Amendment to the United States Constitution but rather makes the due process allegation in relation to her claim under the APA. Ms. Usman also challenges as unreasonable the three-year timeframe between the April 6, 2012 consulate visa interview in Pakistan, and the October 28, 2015 visa petition revocation decision after the petition was returned to USCIS. (ECF 46, pp. 3, 14). The agency action at issue in this case is the visa petition revocation, and Ms. Usman's requested relief is an order declaring that her petition be remanded to USCIS for reinstatement; the visa petition return is no longer a live issue and, thus, is not capable of repetition in light of the subsequent revocation. *See Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). Finally, the Court notes that the Declaratory Judgment Act does not provide an independent basis of subject matter jurisdiction. *Ameritech Ben. Plan Comm. v. Commc'n Workers of Am.*, 220 F.3d 814, 818 (7th Cir. 2000).

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** Defendants' Motion to Dismiss the Amended Complaint and Brief in Support [DE 45] and **DENIES** Plaintiff's Motion to Strike and for a Directed Verdict [DE 46]. The Court **ORDERS** that this matter is **DISMISSED without prejudice**.

So ORDERED this 6th day of June, 2018.

                                                    s/ Paul R. Cherry
                                                   MAGISTRATE JUDGE PAUL R. CHERRY
                                                   UNITED STATES DISTRICT COURT